UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHUCK SALEEN and EUGENE T. BROWN, individually and on behalf of other similarly situated individuals, | Case No. 08-CV-4959 (PJS/JJK) |
| Plaintiffs, | |
| v. | ORDER DENYING MOTION TO DISMISS |
| WASTE MANAGEMENT, INC., | |
| Defendant. | |

Paul J. Lukas and Michele R. Fisher, NICHOLS KASTER, PLLP, for plaintiffs.

Marko J. Mrkonich, Andrew J. Voss, Tyree Ayers Jackson, and John A. Ybarra, LITTLER MENDELSON, P.C., for defendant.

Plaintiffs brought this action to recover overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. This matter is before the Court on the motion of defendant Waste Management, Inc. ("WMI") to dismiss for lack of subject-matter jurisdiction. WMI argues that, because plaintiffs were employed by two of its subsidiaries, and not by WMI itself, WMI is not plaintiffs' "employer" within the meaning of the FLSA. WMI further argues that, because WMI is not an "employer" within the meaning of the FLSA, this Court does not have subject-matter jurisdiction over this action. The Court disagrees with the latter argument, and thus the Court need not take up the former argument at this time.

The Supreme Court recently addressed the distinction between what it acknowledged are "two sometimes confused or conflated concepts: federal court 'subject-matter' jurisdiction over a controversy; and the essential ingredients of a federal claim for relief." *Arbaugh v. Y&H Corp.*,

546 U.S. 500, 503 (2006).  In *Arbaugh*, the plaintiff won a $40,000 verdict in a Title VII action

against her employer.  *Id.* at 503-04.  After the verdict was returned, the defendant moved to

dismiss the action for lack of subject-matter jurisdiction, arguing for the first time that, because

the defendant had fewer than fifteen employees, it was not an "employer" within the meaning of

Title VII.  *Id.* at 504.  The district court was understandably dismayed that the defendant had

waited so long to raise this argument, but the district court agreed with the defendant that the

fifteen-employee threshold was a limitation on its subject-matter jurisdiction, and thus the

district court concluded that it had no alternative but to dismiss the case.  *Id.*  The Supreme Court

rejected the district court's view, holding that Title VII's fifteen-employee threshold is an

element of a plaintiff's claim for relief, and not a restriction on subject-matter jurisdiction.  *Id.*

at 504.  The defendant's argument that it did not employ fifteen people was therefore merely a

defense on the merits — and, like any defense on the merits, it could be waived by not being

asserted in a timely manner.

   *Arbaugh* was a strikingly practical opinion.  In its analysis, the Court placed a great deal

of emphasis on the practical consequences of holding that a particular fact is jurisdictional.  The

Court pointed out that the issue of subject-matter jurisdiction can never be forfeited or waived; it

can be raised at any time by any party.  *Arbaugh*, 546 U.S. at 514.  Moreover, trial courts have

an independent obligation to ensure that subject-matter jurisdiction exists even in the absence of

a challenge from any party.  *Id.*  And if subject-matter jurisdiction turns on contested facts, the

trial court may be empowered to resolve the disputed facts on its own, without the necessity of a

jury trial.  *Id.*  To label a fact "jurisdictional," then, has serious consequences, as the proceedings

in *Arbaugh* demonstrated:  After more than a year of litigation — including a trial on the merits

— the district court was forced to reopen the case, permit the parties to conduct lengthy discovery, and make detailed findings about the employment status of twelve different workers. *Id.* at 509; Brief for Petitioner at 4-6, *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) (No. 04-944), 2005 WL 1827797.

Critically, all of this time and effort — by the judge, the lawyers, the parties, and the witnesses — was expended in an effort to determine nothing more than whether the district court had authority to hear the case. Congress can, of course, choose to make a particular fact "jurisdictional," as *Arbaugh* acknowledged. 546 U.S. at 514-15. But it would be extraordinary for Congress to intend that a district court engage in protracted proceedings and resolve complex factual disputes just to determine whether it had power to address the merits of the case. It would be even more extraordinary for a court to have an independent obligation to undertake such arduous factfinding even in the absence of a dispute between the parties. And when the allegedly "jurisdictional" facts are also bound up with the merits of the plaintiff's case — as was the case in *Arbaugh*, and as is the case here — it would again be extraordinary for Congress to intend that courts resolve factual disputes on their own, without a jury determination.

For these reasons, the Supreme Court held in *Arbaugh* that, if Congress intends to condition the existence of subject-matter jurisdiction on the presence or absence of a particular fact, Congress must make its intention unmistakably clear in the relevant statute. "If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue." *Arbaugh*, 546 at 515-16 (footnote omitted).

The Supreme Court found that the fifteen-employee threshold at issue in *Arbaugh* was

not clearly jurisdictional because it did not appear in Title VII's jurisdictional provision, but

rather in a separate provision that "'does not speak in jurisdictional terms or refer in any way to

the jurisdiction of the district courts.'"   *Id.* at 515 (quoting *Zipes v. Trans World Airlines, Inc.*,

455 U.S. 385, 394 (1982)).  By way of contrast, *Arbaugh* cited several statutes that do clearly

condition the existence of subject-matter jurisdiction on the existence of some fact.  In particular,

the Court pointed to statutes that confer jurisdiction over claims by certain types of plaintiffs or

against certain types of defendants.  *Id.* at 515 n.11 (citing 28 U.S.C. § 1345, 49 U.S.C.

§ 24301(*l*)(2), 7 U.S.C. § 2707(e)(3), and 28 U.S.C. § 1348).

WMI argues that, like the statutes cited in *Arbaugh*, the FLSA confers jurisdiction over

claims against a certain type of defendant — namely, an "employer."  *See* 29 U.S.C. § 216(b)

(stating that "[a]n action to recover the liability prescribed . . . may be maintained against any

employer (including a public agency) in any Federal or State court of competent jurisdiction").

And unlike the employee-numerosity requirement of Title VII, WMI argues, the "employer"

limitation in the FLSA appears in § 216(b), which, according to WMI, is the jurisdiction-

conferring provision of the FLSA.  Thus, argues WMI, § 216(b) clearly confers subject-matter

jurisdiction only over actions against "employers."[1]

A comparison between § 216(b) and the *Arbaugh* examples, however, reveals a crucial

distinction.  In each of the examples cited in *Arbaugh*, the operative language is an express and

---

[1]It is interesting to note that, if WMI is correct, the question whether plaintiffs are "employees" would also be jurisdictional.  *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction *by any one or more employees* for and in behalf of himself or themselves and other employees similarly situated.") (emphasis added).

straightforward grant of jurisdiction to federal courts over actions by or against certain

individuals or entities.  *See* 28 U.S.C. § 1345 ("the district courts shall have original jurisdiction

of all civil actions, suits or proceedings commenced by the United States"); 49 U.S.C.

§ 24301(*l*)(2) ("[t]he district courts of the United States have original jurisdiction over a civil

action Amtrak brings to enforce this subsection"); 7 U.S.C. § 2707(e)(3) ("[t]he Secretary may

maintain a suit against any person subject to the order [of the Egg Board] for the collection of

such assessment, and the several district courts of the United States are hereby vested with

jurisdiction to entertain such suits regardless of the amount in controversy"); 28 U.S.C. § 1348

("[t]he district courts shall have original jurisdiction of any civil action commenced by the

United States, or by direction of any officer thereof, against any national banking association").

       In contrast to the express grants of jurisdiction cited by *Arbaugh*, the relevant language of

§ 216(b) states that "[a]n action to recover the liability prescribed . . . may be maintained against

any employer (including a public agency) in any Federal or State court of competent jurisdiction

by any one or more employees for and in behalf of himself or themselves and other employees

similarly situated."  Courts have sometimes treated this language as a grant of jurisdiction, but,

with due respect to those courts, this Court concludes that § 216(b) is not a jurisdictional vesting

clause.  Nowhere does § 216(b) state that "the district courts shall have original jurisdiction" or

that "the district courts are hereby vested with jurisdiction."  Instead, it merely states that certain

actions may be maintained "in any Federal or State court of competent jurisdiction."

       To say that an action may be maintained in a "court of competent jurisdiction" — that is,

in a court that *has* jurisdiction — is obviously not to *grant* jurisdiction.  Rather, such a directive

presupposes that the court to which it refers derives "competent jurisdiction" from some other

source.  If a statute grants jurisdiction over an action to a particular court, then that court is, by

definition, a court of competent jurisdiction.  It would not make sense for a statute to say that it

was granting jurisdiction only to courts that had jurisdiction.

The fact that § 216(b) refers to state courts bolsters this interpretation.  Congress may, of

course, *deprive* state courts of jurisdiction over certain disputes.  But Congress normally does not

*grant* jurisdiction to state courts.  State courts are courts of general jurisdiction; they have

jurisdiction over all lawsuits arising under federal law, unless Congress provides to the contrary.

Under WMI's reading of § 216(b), the statute would give state courts jurisdiction that they

already have.

As noted, some courts have treated § 216(b) as a jurisdictional grant, but other courts

look elsewhere for the source of jurisdiction over FLSA actions.  *See Brown v. Masonry Prods.,*

*Inc.*, 874 F.2d 1476, 1478 (11th Cir. 1989) ("The great weight of authority supports the view that

federal district courts, because of their original jurisdiction under 28 U.S.C.A. § 1337 over

claims arising under a law regulating commerce, can entertain a FLSA claim under the Act's

civil remedy provision, 29 U.S.C.A. § 216(b), regardless of the amount in controversy or

diversity of citizenship."); *Johnson v. Butler Bros.*, 162 F.2d 87, 88 (8th Cir. 1947) ("The right

of action created by [§ 216(b)], being one which arises under a law regulating commerce, may be

enforced in a federal district court, regardless of the amount in controversy or of the citizenship

of the parties."), *abrogated on other grounds by Breuer v. Jim's Concrete of Brevard, Inc.*, 538

U.S. 691, 693-94 (2003).[2]

--------------------------------------------------------------------------------

[2]In *Breuer*, the Supreme Court implied that § 216(b) is jurisdicational while at the same
time also noting other sources of jurisdiction over FLSA actions:  "The FLSA provides that an
action 'may be maintained . . . in any Federal or State court of competent jurisdiction,' 29 U.S.C.

Unlike the examples cited in *Arbaugh*, then, § 216(b) is not primarily concerned with granting or defining jurisdiction. Instead, the language of § 216(b) is intended to create a collective right of action for injured employees. Whether plaintiffs have stated a cause of action under § 216(b) is therefore a question that goes to the merits of the case rather than to the Court's subject-matter jurisdiction. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91-92 (1998) (the failure of a cause of action does not produce a failure of jurisdiction). At the very least, it cannot be said that § 216(b) contains a clear threshold limitation on federal jurisdiction. For that reason, it falls short of the standard articulated in *Arbaugh*.

WMI cites a couple of cases in support of its contention that FLSA claims against non-employers must be dismissed for want of subject-matter jurisdiction. *See Rummel v. Esry*, No. 04-3267, 2006 WL 314342 (W.D. Mo. Feb. 8, 2006); *Schubert v. Bethesda Health Group, Inc.*, 319 F. Supp. 2d 963 (E.D. Mo. 2004). But these cases are of little value. Both predate *Arbaugh*. Neither involves the FLSA. And neither is terribly persuasive.

*Rummel* held that the employee-numerosity requirement of Title VII is jurisdictional. *Rummel*, 2006 WL 314342, at *3-4. Just a few weeks later, *Arbaugh* held squarely to the contrary. Thus *Rummel* is of no help to WMI.

---

§ 216(b), and the district courts would in any event have original jurisdiction over FLSA claims under 28 U.S.C. § 1331, as 'arising under the Constitution, laws, or treaties of the United States,' and § 1337(a), as 'arising under any Act of Congress regulating commerce.'" *Breuer*, 538 U.S. at 694. But *Breuer* concerned the issue of whether the "may be maintained" language in § 216(b) bars removal of an FLSA action to federal court. *Id.* There was no question that the federal district court would have had original jurisdiction over the action, and *Breuer* was thus not focused on defining the exact source of that jurisdiction. The implication in *Breuer* that § 216(b) is a grant of jurisdiction is therefore similar to the "'drive-by jurisdictional rulings' that should be accorded 'no precedential effect' . . . ." *Arbaugh*, 546 U.S. at 511 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998)).

*Schubert* held that the employee-numerosity requirement of the Family Medical Leave

Act ("FMLA") is jurisdictional, relying on *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d

604 (6th Cir. 1998) and *Hukill v. Auto Care, Inc.*, 192 F.3d 437 (4th Cir. 1999).  *Schubert*, 319 F.

Supp. 2d at 965.  But the Sixth Circuit later abrogated *Douglas* in light of *Arbaugh*.  *See Cobb v.*

*Contract Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006).  And although the Fourth Circuit has

not yet had occasion to reconsider *Hukill* in light of *Arbaugh*, *Hukill* relied almost entirely on

cases holding that Title VII's employee-numerosity requirement is jurisdictional — cases that

were effectively abrogated by *Arbaugh*.  *Hukill*, 192 F.3d at 441-42.  On the whole, then, the

cases cited by WMI provide almost no support for its contention that this Court's jurisdiction

depends on finding that WMI was an "employer" under the FLSA.[3]

For these reasons, the Court holds that WMI's assertion that it is not an "employer" under

the FLSA is a defense on the merits and not a challenge to subject-matter jurisdiction.  WMI's

motion to dismiss for lack of subject-matter jurisdiction is therefore denied.

---

[3]For their part, plaintiffs point to a number of cases holding that, in light of *Arbaugh*,
various other threshold requirements for FLSA coverage are not jurisdictional.  *See, e.g.*, *Chao v.*
*Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007) (holding that whether the "annual dollar value"
threshold is met, which is relevant to whether the employer is an "[e]nterprise engaged in
commerce or in the production of goods for commerce" under 29 U.S.C. § 203(s)(1)(A), is not
jurisdictional).  The Court agrees with WMI that *Hotel Oasis* and similar cases are
distinguishable.  Section 216(b) does not require that employers be "engaged in commerce," nor
does the definition of "employer" include the requirement that the employer be "engaged in
commerce."  Instead, the "engaged in commerce" element "appears in a separate provision that
'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district
courts.'"  *Arbaugh*, 546 U.S. at 515 (quoting *Zipes*, 455 U.S. at 394).  The "engaged in
commerce" element is thus obviously non-jurisdictional for reasons that do not apply to
§ 216(b).

WMI suggests that, in the alternative, the Court should treat its motion as one for summary judgment. The Court declines to do so, however, as plaintiffs have not yet had an opportunity to conduct discovery.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) [Docket No. 21] is DENIED.

Dated: April 9, 2009                                         s/Patrick J. Schiltz
                                                             Patrick J. Schiltz
                                                             United States District Judge